IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Steven Sakaski Robinson,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:06-cr-01322-TLW-1<br>C/A No. 4:18-cv-03246-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Steven Sakaski Robinson. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty pursuant to a plea agreement to conspiring to possess with intent to distribute 50 grams or more of crack, 500 grams or more of cocaine, and a quantity of heroin. After granting the Government's motion for a downward departure, the Court sentenced him to 240 months incarceration, followed by a 10-year term of supervised release. ECF No. 171.

The Court later reduced Petitioner's sentence to 192 months and then 150 months pursuant to two Rule 35(b) motions by the Government. ECF Nos. 250, 343. Then, on Petitioner's motion pursuant to Amendment 780 to the Sentencing Guidelines, the Court further reduced his sentence to the greater of 78 months or

1

time served. ECF No. 354.

Petitioner was released from custody to begin serving his 10-year term of supervised release in December 2014. Less than two years later, the Court revoked his supervision for drug use and sentenced him to 60 days incarceration, followed by a 12-month term of supervised release. ECF No. 400.

Petitioner was re-released from custody to begin serving his new 12-month term of supervised release in December 2016. But less than a year later, the Court again revoked his supervision, this time for committing new criminal conduct, including drug distribution, drug possession, and possession of stolen goods. The Court sentenced him to 52 months incarceration with no supervision to follow. ECF No. 448. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Robinson*, 719 F. App'x 258, 259 (4th Cir. 2018).

Petitioner timely filed this § 2255 petition, in which he alleges that his attorney in the second revocation proceeding provided ineffective assistance of counsel for four different reasons.[1] ECF No. 470. The Government filed a response in opposition and a motion for summary judgment, referencing the affidavit submitted by defense counsel in response to the petition. ECF Nos. 481, 493, 493-1. Petitioner then filed a reply. ECF No. 498.

This matter is now ripe for decision.

---

[1] In two subsequent filings, he raised a fifth ground for relief (also based on an allegation of ineffective assistance) and expanded on his prior argument. ECF Nos. 480, 488. The Court has considered these additional filings in ruling on this petition.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)). Conclusory and vague allegations without factual specifics cannot entitle a petitioner to relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files,

3

and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner brings this petition pro se.  Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  These pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.  Discussion

### A.    No right to counsel in revocation proceedings

The threshold argument raised by the Government, which the Court finds persuasive, is that this petition is subject to dismissal because the Sixth Amendment right to counsel does not extend to revocation proceedings.  *See* ECF No. 493-1 at 3–4 n.1.  Numerous courts have reached this conclusion and the Government cites those cases in its motion for summary judgment.  The Fourth Circuit has not reached this precise conclusion in a published opinion, though it has reached a closely analogous

4

conclusion in response to a similar Sixth Amendment argument.

In a case involving a defendant's asserted right to a jury trial in a revocation proceeding, the Fourth Circuit held that "supervised release revocation proceedings are not considered part of a criminal prosecution." *United States v. Ward*, 770 F.3d 1090, 1097 (4th Cir. 2014). Because of that, the Fourth Circuit concluded that "the constitutional protections afforded in a criminal trial are not co-extensive with the rights applicable in post-conviction proceedings such as supervised release revocation hearings." *Id.* at 1097–98. And of course, relevant here is that one of the other constitutional protections afforded to defendants in a criminal prosecution is the right to the effective assistance of counsel. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

While the Fourth Circuit has not explicitly held in a published opinion that there is no constitutional right to the effective assistance of counsel in a supervised release revocation hearing, the Fourth Circuit has reached that conclusion in an unpublished opinion. *See United States v. Herron*, 699 F. App'x 285, 285 (4th Cir. 2017). In *Herron*, a short per curiam opinion, the defendant appealed his revocation sentence, arguing that he was denied the effective assistance of counsel. *Id.* The Fourth Circuit rejected that argument because the Sixth Amendment only applies in "criminal prosecutions" and a revocation proceeding is not a criminal prosecution for Sixth Amendment purposes. *Id.*

The Fourth Circuit's conclusion that the Sixth Amendment right to the effective assistance of counsel is not applicable in a revocation proceeding is

5

consistent with that of every circuit court that has considered the issue. *See United States v. Owen*, 854 F.3d 536, 541 (8th Cir. 2017); *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015); *United States v. Manuel*, 732 F.3d 283, 291 (3d Cir. 2013); *United States v. Spangle*, 626 F.3d 488, 494 (9th Cir. 2010); *United States v. Lester*, 76 F.3d 380, 1996 WL 28970, at *3 (6th Cir. 1996) (unpublished table decision); *United States v. Meeks*, 25 F.3d 1117, 1123 (2d Cir. 1994), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000). Petitioner has not cited, nor is the Court aware of, any circuit court that has reached a contrary conclusion. Thus, because Petitioner has failed to establish that he had a constitutional right to counsel at his revocation proceeding, he cannot show that he was deprived of a constitutional right to the effective assistance of counsel, and his petition must therefore be denied.

### B.  No showing of ineffective assistance

While there may not be a constitutional right to the effective assistance of counsel at a revocation hearing as discussed above, the Fourth Circuit has noted in a number of opinions that much is at stake for a person facing revocation, notably, incarceration. Rule 32.1 of the Federal Rules of Criminal Procedure sets forth detailed requirements for revoking or modifying supervised release, and Rule 32.1(b)(2)(D) specifically requires the Court to give the person facing revocation "notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel." This Court proceeds with revocation only when retained or appointed counsel is in place to provide representation, whether or not it is constitutionally mandated. Counsel in this case is an assistant federal public

6

defender with over two decades of experience in federal criminal court. Petitioner has failed to show that counsel provided ineffective assistance.

To prevail on an ineffective assistance claim, a petitioner must show that (1) counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). There is "a strong presumption that counsel's conduct falls within the wide range of professional assistance," and a petitioner has the burden of overcoming this presumption. *Strickland*, 466 U.S. at 689. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (citing *Strickland*, 466 U.S. at 690). An ineffective assistance of counsel allegation requires the submission of specific facts in support of the claim. *See United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

Petitioner raises five ineffective assistance claims in his petition, which the

Court will now address.

### 1.  *Drug distribution evidence*

In Petitioner's first claim, he alleges that counsel was ineffective by "failing to object and investigate that the distributions were exculpatory evidence." ECF No. 470 at 4. He appears to be arguing that there were contradictions in the confidential informant's statement and the investigating officer's statement. *See* ECF No. 470-1 at 2–3.

In counsel's affidavit, he says that he reviewed information about the violations with Petitioner and traveled to the Georgetown Police Department to review video footage of the incidents. Counsel says that he believed that the Government could meet its burden of proof at the revocation hearing, so he settled on a strategy of conceding the violations and arguing for a lower sentence based on an Petitioner's illness. Counsel says that Petitioner agreed with this strategy. ECF No. 481 at 1.

The record is clear that Petitioner agreed to follow this strategy at his revocation hearing. When the Court asked counsel whether Petitioner admitted or denied the violations, counsel said that Petitioner was going to exercise his Fifth Amendment right to not take a position on the violations, but that he would stipulate for purposes of the revocation hearing that the Government could prove the violations by a preponderance of the evidence. Hr'g Tr. 2:15–3:13. The Court then turned to Petitioner and asked him if he agreed that the Government could prove the violations if required to do so. Based on the Court's review of the transcript, with the relevant

8

portion set forth below, there is no doubt that Petitioner understood the violations and agreed that the Government would be able to prove the violations by a preponderance of the evidence if required to do so:

> THE COURT: Mr. Robinson, you heard what your lawyer has said. He said that you're going to assert your Fifth Amendment right not to say anything. You have the right to remain silent. That's your choice to make.
>
> You can speak if you would like. If there's anything you want to say about anything related to this case that you choose to speak about, that's your choice to make. And Mr. Nettles is a very experienced lawyer and I'm sure he probably advised you of what your rights are in this hearing.
>
> Your lawyer says that you admit the violations in this case, and let me say that the violations as set forth in Page 3 or on Page 3 of the report. Normally I think they're set out as separate violations, but apparently all of this occurred on one day, the date of July 26th, 2017, what's asserted as new criminal conduct, therefore, all of the violations are set forth in that one single paragraph.
>
> Now, I'll just take these up with the defendant, whether I need to go into detail factually or not go into detail, I'll hear what the lawyers have to say. But I think it needs to be clear that Mr. Robinson understands what the violations are and that he says he's not—he's going to admit that the government can prove the violations by a preponderance of the evidence.
>
> Mr. Robinson, the violations as set forth in Paragraph 1 on Page 3 of your report, the violations are as follows: Well, generally, they are that you failed to refrain from committing new criminal conduct and specifically that you on or about July 26, 2017, you distributed cocaine.
>
> So that's one violation, you distributed cocaine within a half mile of a school or a park. You distributed crack cocaine. You distributed a Schedule II controlled substances. You distributed a controlled substance within a half mile of a school.
>
> You received stolen goods valued at $2,000 or less and that you possessed with intent to distribute cocaine and possessed a Schedule II controlled substance. So the thrust of violation No. 1 is all of that conduct, specifically, that you distributed cocaine, you distributed cocaine close to a school, you distributed crack cocaine, you distributed

9

> Schedule II controlled substance and then also within a half mile of a school, and you received stolen goods and you possessed cocaine with intent to distribute and you possessed certain controlled substances.
>
> That's violation No. 1 and it's your position, Mr. Nettles, that your client—
>
> ATTORNEY NETTLES: Would stipulate for purposes of this hearing that if the government would call witnesses they could prove the violations by a preponderance of the evidence.
>
> THE COURT: And do you, Mr. Robinson, you've heard what your lawyer has said, that if the government called evidence and they're willing to call evidence in the case that they could prove these violations by a preponderance of the evidence. Do you admit that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And you've had a chance to discuss that with Mr. Nettles, your position; is that correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And you make the admission, you admit that they can prove these violations by a preponderance of the evidence; is that correct Mr. Robinson?
>
> ATTORNEY NETTLES: Your Honor, I just want to—he is agreeing to the stipulation so that's what I want to get—that he is agreeing to stipulate that the government, if calling witnesses could prove the violations by a preponderance of the evidence.
>
> THE COURT: I think that's all he needs to do. I'm just trying to make the record clear. So you agree, Mr. Robinson, you stipulate and agree that the government, if they call witnesses could prove the violations by a preponderance of the evidence; is that correct, Mr. Robinson?
>
> THE DEFENDANT: Yes, Your Honor.

Hr'g Tr. 3:14–6:15.

The record is clear that counsel reviewed the relevant evidence, discussed it with Petitioner, and settled on a reasonable strategy of conceding the violations and arguing for a lower sentence based on his illness. This strategic decision certainly

10

"falls within the wide range of professional assistance" permissible under the Sixth Amendment. *See Strickland*, 466 U.S. at 689.

Accordingly, the Court concludes that Petitioner has not satisfied either the deficiency or prejudice prongs of *Strickland* regarding this claim and he is therefore not entitled to relief.

### 2.    *Criminal history category*

In Petitioner's second claim, he argues that counsel was ineffective in failing to investigate his criminal history category, specifically that his "original sentence was based on a mandatory minimum and not a career offender status that warrant [sic] a category VI." ECF No. 470 at 5. There is no merit to this argument.

The Guidelines provide that a defendant's criminal history category at a revocation proceeding "is the category applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4(a). Petitioner's criminal history category at his sentencing was VI, which was driven by his career offender designation. PSR ¶¶ 63–64. The fact that his statutory mandatory minimum sentence was Life (prior to the § 5K1.1 reduction) is irrelevant when considering his criminal history category under the Guidelines.

Accordingly, the Court concludes that Petitioner has not satisfied either the deficiency or prejudice prongs of *Strickland* regarding this claim and he is therefore not entitled to relief.

11

### 3.   *Lab reports*

In Petitioner's third claim, he argues that counsel was ineffective in "fail[ing] to investigate that the lab results are exculpatory evidence." ECF No. 470 at 6. There is no merit to this argument, as he fails to explain how the lab results are exculpatory, and counsel states in his affidavit that the lab results confirmed that the substances were what they were purported to be. ECF No. 481 at 2. Furthermore, as noted above, he admitted at the revocation hearing that the Government could prove that he committed the violations.

Accordingly, the Court concludes that Petitioner has not satisfied either the deficiency or prejudice prongs of *Strickland* regarding this claim and he is therefore not entitled to relief.

### 4.   *Stolen goods*

In Petitioner's fourth claim, he argues that counsel was ineffective in "failing to investigate readily available mitigation evidence," specifically that he "has a copy of a receipt showing ownership of the recieving [sic] stolen goods." ECF No. 470 at 8. However, as the Government points out in its brief and as reflected in the violation report, the Vehicle Identification Number (VIN) on the receipt did not match the VIN of the stolen moped. Sup. Rel. Viol. Rep. at ¶ 3. As well, he admitted at the revocation hearing that the Government could prove this violation by a preponderance of the evidence. Furthermore, dismissing this violation would not have impacted the Guidelines range or his revocation sentence because this charge was a Grade C

12

violation and the various drug distribution charges were Grade A violations.

Accordingly, the Court concludes that Petitioner has not satisfied either the deficiency or prejudice prongs of *Strickland* regarding this claim and he is therefore not entitled to relief.

### 5.   *Overserved time*

In Petitioner's fifth claim, he argues that counsel was ineffective in misstating to the Court at the revocation hearing the amount of time he overserved after his sentence reduction pursuant to Amendment 780 to the Guidelines.  ECF No. 480 at 1–2.  As noted above, on December 12, 2014, his sentence was reduced from 150 months to the greater of 78 months or time served, ECF No. 354, and he was released from custody several days later.

At the revocation hearing, counsel asked the Court to take into consideration that Petitioner served more than 78 months on his original sentence, specifically "[h]e served seven years straight time or 84 months," but would not receive credit for that time on his revocation sentence due to the Court resentencing him to the greater of 78 months or time served.  Hr'g Tr. 9:20–10:7.  Petitioner says that counsel should have informed the Court that he actually served over 109 months on his sentence.  ECF No. 480 at 2.

The record indicates that neither number is necessarily correct or accurate. The PSR reflects that he was taken into custody on January 4, 2007 and was ordered detained pending trial.  PSR at 1.  According to the violation report from his initial revocation proceeding, he was released from custody on December 17, 2014.  Thus,

13

the record reflects that, as best as can be determined, that he served approximately 95 months of straight time—not the 84 months stated by counsel or the 109 months stated by Petitioner.[2]

In any event, to the extent this was a misstatement by counsel, it falls far short of the "incompetence under prevailing professional norms" standard set forth by the Supreme Court. *Harrington*, 562 U.S. at 105. Furthermore, it had no impact on the sentence the Court imposed, as the Court was well-aware of the time Petitioner served on his original sentence and his first revocation sentence, and the Court took that into account when imposing an appropriate sentence on his second revocation. The Court sentenced him within the applicable Guidelines range that applied at this second revocation hearing, and due to the significant criminal activity committed on supervised release, the Court chose to not give him credit for any additional time he served above 78 months.

Accordingly, the Court concludes that Petitioner has not satisfied either the deficiency or prejudice prongs of *Strickland* regarding this claim and he is therefore not entitled to relief.

## V.   Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 493, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF

---

[2] After taking into account good time credits, he may have been credited with serving the 109 months he says in his petition, even though he was physically in custody for only 95 months.

No. 470, is **DENIED**.  This action is hereby **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.[4]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

May 22, 2020
Columbia, South Carolina

---

[3] Additionally, to the extent any issues he now raises could have been but were not raised on direct appeal, they are procedurally barred.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

[4] In light of this ruling, the Court terminates as **MOOT** the remaining outstanding motions in this case that are related to his § 2255 petition, ECF Nos. 496, 499, 504.

15