IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Steven Sakaski Robinson | Crim. No. 4:06-cr-01322-TLW-1<br><br>**Order** |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, 500 Grams or More of Cocaine, and a Quantity of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(ii), 841(b)(1)C), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was Life, followed by at least 10 years of supervised release. PSR ¶¶ 96, 101. His Guidelines range at sentencing—after taking into account his classification as a career offender and his statutory penalties—was Life, followed by 10 years of supervised release. PSR ¶¶ 97, 104. After granting the Government's motion for a downward departure, the Court sentenced him to 240 months incarceration, followed by a 10-year term of supervised release. ECF No. 171.

The Court later reduced Petitioner's sentence to 192 months and then 150

1

months pursuant to two Rule 35(b) motions by the Government. ECF Nos. 250, 343. Then, on Petitioner's motion pursuant to Amendment 780 to the Sentencing Guidelines, the Court further reduced his sentence to the greater of 78 months or time served. ECF No. 354.

Petitioner was released from custody to begin serving his 10-year term of supervised release in December 2014. Less than two years later, the Court revoked his supervision for drug use and sentenced him to 60 days incarceration, followed by a 12-month term of supervised release. ECF No. 400.

Petitioner was re-released from custody to begin serving his new 12-month term of supervised release in December 2016. But less than a year later, the Court again revoked his supervision, this time for committing new criminal conduct, including drug distribution, drug possession, and possession of stolen goods. The Court sentenced him to 52 months incarceration with no supervision to follow. ECF No. 448.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in

2

§ 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams. Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019); *see also United States v. Venable*, 943 F.3d 187, 193–94 (4th Cir. 2019) (concluding that an otherwise-eligible defendant serving a revocation sentence is eligible for a First Step Act reduction).

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 527 at 8. Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See*

*Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the PSR and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, evidence of post-sentencing mitigation, and the amount of time he served on his original sentence. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he has multiple prior drug distribution convictions, which have not deterred his drug dealing activities; (2) he possessed a firearm in connection with his drug dealing activities; (3) he received a role adjustment; and (4) his supervised release was revoked twice, with his most recent revocation being primarily due to more drug dealing activity. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 527, is therefore **DENIED**.

**IT IS SO ORDERED.**[1]

                                       *s/ Terry L. Wooten*
                                       Terry L. Wooten
                                       Senior United States District Judge

June 2, 2020
Columbia, South Carolina

---

[1] In light of this ruling, the remaining outstanding motions in this case, ECF Nos. 500, 502, 517, are terminated as **MOOT**.

4